**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA, *ex rel.* DEREK LAURITZEN, M.D.,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**ROY A. GOODART, M.D., an individual, DAVID W. FABER, M.D., and ROCKY MOUNTAIN RETINA CONSULTANTS, a Utah professional corporation,**<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:04CV639DAK** |

This matter is before the court on three motions: Defendants Roy A. Goodart, M.D., David W. Faber, M.D., and Rocky Mountain Retina Consultants' ("RMRC") (collectively "Defendants") Motion to Dismiss, or in the Alternative, For Summary Judgment; Plaintiff United States of America, *ex rel.* Derek Lauritzen, M.D.'s ("Plaintiff" or "Relator") Motion for Award of Attorneys' Fees; and Defendants' Motion to Strike. The court held a hearing on the motions on November 30, 2006. At the hearing, Peter Stirba represented Defendants. David R. Irvine represented Plaintiff. Eric Overby appeared on behalf of the United States. The United States did not submit any written materials. Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties. Since taking the motions under advisement, the court has further considered the law and facts relating to the motions. Now

being fully advised, the court renders the following Memorandum Decision and Order. For reasons stated below, Defendants' motions to dismiss or for summary judgment are granted, motion to strike is denied and Plaintiff's motion for attorneys' fees is denied.

**BACKGROUND**

In July 2004, Relator filed a sealed *qui tam* Complaint under the False Claims Act, 31 U.S.C. §§ 3729 to 3733 (the "FCA" or the "Act"), alleging Defendants knowingly submitted false Medicare claims for transpupillary thermotherapy ("TTT"), a non-covered opthalmological procedure in Utah. The Complaint alleged that Defendants used incorrect billing and coding information in submitting bills to Utah's Medicare carrier for reimbursement. As required by the Act, the Relator provided a copy of the sealed Complaint to the United States. As a result, the United States contacted Defendants and conducted an extensive investigation of Defendants' TTT coding and billing practices. Defendants discovered a 9 month period of coding and billing errors. At the conclusion of the investigation, in April 2006, the court ordered the Complaint unsealed and the Relator serve it upon Defendants. Relator has not done so. The government determined that the payments Defendants received from Utah's Medicare B carrier as a result of the coding and billing errors, were "administrative overpayments."

On May 9, 2006, RMRC reimbursed the Utah Medicare B carrier for the administrative overpayment. As a result of this payment, the government and Defendants did not execute a settlement waiver. Following Defendants' payment, the United States elected not to intervene in this matter. Based on the government's decision not to intervene, Relator informed Defendants

that it would not pursue the Complaint. Relator offered to a stipulated dismissal if Defendants paid Relator's attorneys fees, costs and a consulting reimbursement for Relator's participation in the government's investigation of Defendants' coding and billing practices. Defendants did not agree to pay Relator's costs or fees. Associated with Relator's decision not to prosecute the Complaint, Relator decided not to serve process on Defendants pursuant to the court's April 24, 2006 Order, believing it would only escalate the litigation.

Despite Relator's failure to serve Defendants with summons or copies of the Complaint, Relator filed a Motion for Attorney's Fees in September, 2006. In response, Defendants filed a Motion to Dismiss, or, in the Alternative, For Summary Judgment. Defendants have also moved to strike Plaintiff's Motion for Award of Attorney Fees.

**STANDARDS**

In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b), a court must determine whether the factual allegations in the complaint, if true, would entitle the plaintiff to a legal remedy.[1] *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Dismissal is appropriate only when "the plaintiff can prove no set of facts in support of his claims to entitle

---

[1]It is undisputed that Defendants have not been served with a summons or copy of the Complaint, despite this court's order and applicable Federal Rule of Civil Procedure 4. *See* Fed. R. Civ. P. 4; *see Omni Capital Int'l Ltd. v. Rudolf Wolff & Co., Ltd.* 484 U.S. 97, 104 (1987); *see also Pulse v. Larry H. Miller Group*, 2005 WL 2453091, *1-2 (D. Colo. Sept. 30, 2005). Because good cause has not been shown for Relator's failure to serve, under the rules, the court should properly dismiss the action without prejudice. *Id.*; *Womble v. Salt Lake City Corp.*, 84 Fed.Appx. 18, **1 (D. Utah 2003). However, Defendants have appeared and submitted themselves to the jurisdiction of this court for the purposes of a ruling on the merits. Judicial economy dictates adjudication of the matter on the merits. Dismissal without prejudice and requiring Relator to refile in accordance with Rule 4 would be a waste of time for all involved. Therefore Plaintiff's motion to strike is denied.

him to relief." *Cottrell, Ltd. v. Biotrol Int'l,* 191 F.3d 1248, 1251 (10th Cir. 1999).

A court may grant summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (2005); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-250 (1986); *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994).

**DISCUSSION**

The Relator brought this claim, on behalf of and in the name of the United States, in the context of a *qui tam* action under the FCA. *See* 31 U.S.C. §3730(b); *see also United States v. Bald Eagle Realty*, 1 F. Supp. 2d 1311, 1316 (D. Utah 1998). Relator does not oppose dismissal of the *qui tam* Complaint, as Relator admits that the factual and legal issues have been mooted by the actions of the parties. However, Relator requests that, as a condition of dismissal, the court award Relator's attorney's fees and costs, or other equitable compensation, in recognition of Relator's efforts in the ultimate repayment by Defendants of the administrative overpayments. Because Relator's fees and costs claim is based upon his standing as a relator under the FCA, any award to which Relator may be entitled must be found within the language of the FCA. As such, the court now turns to the FCA which outlines and limits the types of recovery available to Relator.

***False Claims Act***

"The FCA imposes liability on any person who 'knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent

claim for payment or approval,' 31 U.S.C. §3729(a)(1), or 'knowingly makes, uses or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government.' 31 U.S.C. §3729(a)(2)." *U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 2006 WL 3491784, *3 (10th Cir. Dec. 5, 2006). And "[a]t least two elements are necessary to state a claim under these provisions: (1) a claim for payment from the government, (2) that is false or fraudulent." *Boisjoly v. Morton Thiokol, Inc.*, 706 F.Supp. 795, 808 (D. Utah 1988); *see also* 31 U.S.C. §3729(a). After a Relator makes this showing and subsequently proves the underlying false claim, or settles the claim, he may be entitled to statutory reimbursement of attorney's fees and costs. *See* 31 U.S.C. § 3730(d)(2).

Relator claims he is entitled to an award under Section 3730(d)(2). Relator argues that the Defendants' repayment of the administrative overpayment triggers his right under Section 3730(d)(2) to receive reimbursement of attorney's fees, costs and a consulting fee as a part of the "proceeds" collected in the action's settlement. *See United States ex rel. Dharma v. University of Southern California*, 217 F.3d 1141, 1143 (9th Cir. 2000). In *Dharma*, the government asked the relator to help the government investigate defendants, which led to a settlement payment or "proceeds" in which the relator was statutorily entitled to share. *See United States ex rel. Dharma,* 217 F.3d at 1143. Defendants argue the repayment in this case was not a "settlement" under the FCA, nor should the payment be considered "proceeds" of the action. *See United States ex rel. Hefner v. Hackensack University Medical Center*, 2006 WL 776795, *2 (D.N.J. 2006); *see* 31 U.S.C. § 3730(d)(2). If "Relator had been successful in his *qui tam* action, then he would have been entitled to recovery. However, having failed to secure a judgment in his favor, there are no 'proceeds' in which Relator is entitled to share." *Id.*

Relator argues that alternatively, the court should reward Relator's assistance in the government's investigation based on the FCA's whistle blowing policies. *See U.S. v. Northrup Corp.*, 59 F.3d 953, 963 (9th Cir. 1995); *see also Ridenour v. Kaiser-Hill Co., LLC*, 397 F.3d 925, 931 n.9 (10th Cir. 2005). However, payments contemplated by the FCA to relators under these policies do not extend to potentially inadvertent errors made by a defendant, but only to intentional fraud. *Id*. Here, Relator does not attempt to prove a case of fraud, but only seeks dismissal of the *qui tam* Complaint and a monetary award of attorney's fees, costs and a consulting fee. Relator's request, coupled with the Government's determination that Defendants received administrative overpayments are insufficient to invoke the attorney's fees provisions of the FCA. *See Boisjoly,* 706 F. Supp. at 808. Because Defendants did not execute a waiver, evidencing a settlement between the Government and Defendants under the FCA, Relator is not entitled to an award of attorney's fees and costs under 31 U.S.C. § 3730(d)(2). Nor does this Section authorize the court to pay Relator a consulting fee for the time spent aiding the Government in its investigation of Defendants.

Plaintiff's arguments illuminate an apparent inequity in the FCA's statutory scheme. The court recognizes that Plaintiff and his counsel significantly contributed to the Government's investigation of Defendants' billing and coding practices and appear to have performed work at the Government's request. However, in looking at the FCA's legislative history, it is clear that a court is to avoid punishing honest or negligent mistakes made by potential defendants. *See United States ex rel. Hefner*, 2006 WL 776795, *2; *Hindo v. University of Health Sciences/The Chicago Medical School*, 65 F.3d 608, 613 (7th Cir. 1995) ("negligence is not actionable" under the False Claims Act); *United States ex rel. Hughes v. Cook*, 498 F. Supp. 784, 788 (S.D. Miss.

1980) ("The False Claims Act is carefully restricted to cases of intentional, deliberate fraud and has no application to unintentional technicalities."). When looking to the language of the FCA and the corresponding legislative history, on balance, the scales tip in Defendants' favor because a Relator must prove fraudulent intent. *Id.* Relator has not done so in this case, nor does he intend to do so. Relator, brought this action within the statutory framework of the FCA and the statute does not allow for recovery of attorney's fees, costs or a consulting fees from Defendants in this matter.

**CONCLUSION**

Based upon the above reasoning, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss, or, in the Alternative, for Summary Judgment is GRANTED. Defendants' Motion to Strike is DENIED. Plaintiff's Motion for Award of Plaintiff's Attorneys' Fees is DENIED. Plaintiff's case is dismissed with prejudice, each party to bear its own fees and costs. The Clerk of Court is directed to enter judgment in favor of Defendants.

DATED this 5th day of January, 2007.

BY THE COURT:

Dale A. Kimball

DALE A. KIMBALL
United States District Judge